**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

KHALED MALEH,

        Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC, and INPHYNET SOUTH BROWARD, LLC,

        Defendants.
_____/

CASE NO. 19-CV-62762-RKA

## DEFENDANT INPHYNET SOUTH BROWARD, LLC'S
## MOTION TO DISMISS COUNT III OF COMPLAINT (DE 1)

Defendant, Inphynet South Broward, LLC ("Inphynet"), by and through its undersigned attorneys and in accordance with Local Rule 7.1 and Rule 12 of the Federal Rules of Civil Procedure, hereby files this, its Motion to Dismiss Count III of Complaint (DE 1), and in support thereof, states as follows:

### INTRODUCTION

Count III of the Complaint alleges that Inphynet violated section 559.72(5) of the Florida Consumer Collection Practices Act ("FCCPA") by referring Plaintiff's account to Co-Defendant Healthcare Revenue Recovery Group ("HRRG") for collections. (Compl. ¶ 51.) Section 559.72(5) provides:

> In collecting consumer debts, no person shall:
>
> …
>
> (5)  Disclose to a person other than the debtor or her or his family information *affecting the debtor's reputation*, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72(5) (emphasis added).

The Complaint does not allege that Inphynet attempted to collect a debt from Plaintiff or that Inyphnet is vicariously liable for HRRG's alleged collection activities. The sole basis for Plaintiff's claim against Inphynet is that Inphynet disclosed information about Plaintiff to HRRG. Plaintiff alleges that disclosing information to HRRG, by itself, constituted a violation of section 559.72(5). No other claims or theories of liability have been alleged against Inphynet.

As explained in more detail below, Count III must be dismissed because Plaintiff does not explain how the alleged disclosure of information to HRRG adversely affected his reputation as required to state a plausible claim for relief under section 559.72(5).

## STANDARD OF REVIEW

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 557. "A claim is plausible on its face when it permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Kinsey v. MLH Financial Services, Inc., 509 Fed.Appx. 852, 853 (11th Cir. 2013). The "plausibility" standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678.

In determining whether dismissal is appropriate, the Supreme Court has instructed courts to keep two tenets in mind. Id. First, a court does not have to accept a plaintiff's legal conclusions as true. Id. at 678-79. Second, "only a complaint that states a plausible claim for relief survives a

motion to dismiss." Id. at 679. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## MEMORANDUM OF LAW

To sustain a claim under section 559.72(5), a plaintiff must demonstrate, *inter alia*, "(1) that there was a disclosure of information to a person other than a member of the debtor's family, (2) that such person does not have a legitimate business need for the information, and (3) *that such information affected the debtor's reputation*." Heard v. Mathis, 344 So.2d 651, 655 (Fla. 1st DCA 1977) (emphasis added). "Reputation is what is reported or understood from reports to be the community's estimate of the person's character." Id. (citing Fine v. State, 70 So. 379 (Fla. 1915)); see also Alecca v. AMG Managing Partners, LLC, 2014 WL 2987702, at *7 (M.D. Fla. July 2, 2014) ("A communication to a friend does not affect reputation as a matter of law…").

In Heard, the court found that the creditor's disclosure of information to the debtor's friend was insufficient to establish a claim under section 559.72(5). 344 So.2d at 655. The court noted that, "unlike cases for per se defamations which are complete upon publication," a claim under section 559.72(5) requires "a showing that the debtor's reputation was adversely affected following the publication." Id.

In Patton v. Ocwen Loan Servicing, LLC, 2011 WL 1706889, at *4 (M.D. Fla. May 5, 2011), the plaintiff alleged that Ocwen violated section 559.72(5) by selecting counsel, directing that a foreclosure action be filed against plaintiff, and controlling the foreclosure action. The court found that the complaint did not state a plausible claim for relief under section 559.72(5) because, among other reasons, the plaintiff did not allege that the information disclosed by Ocwen affected his reputation. Id.; see also Liste v. Cedar Financial, 2014 WL 4059881, at *2 (M.D. Fla. Aug. 14,

3

2014) (dismissing section 559.72(5) claim because the complaint did not contain any allegations that the incident affected plaintiff's reputation); Marchisio v. Carrington Mortg. Services, LLC, 2016 WL 10568065, at *20 (S.D. Fla. Sept. 13, 2016) ("The Plaintiffs fail to state a violation of [section 559.72(5)] for two main reasons: The Plaintiffs do not demonstrate how the 1099 filings affected their reputation. Nor do they cite legal authority to show how the filing of these tax forms is the kind of activity that subsection (5) contemplates") (*reversed in part on other grounds by* Marchisio v. Carrington Mortg. Services, LLC, 919 F.3d 1288 (11th Cir. 2019)).

Here, Plaintiff does not state a plausible claim for relief under section 559.72(5) because the Complaint does not explain how Inphynet's alleged communications with its private business partner, HRRG, adversely affected the community's estimate of Plaintiff's character. Heard, 344 So.2d at 655.

The thrust of Plaintiff's claim is that Inphynet allegedly disclosed false information to HRRG. But even if that were true, it would still be insufficient to state a claim because section 559.72(5) requires more than the publication of false information. It also requires, among other things, a showing that the plaintiff's reputation in the community was adversely affected following publication. See id. ("We interpret the statue as requiring…a showing that the debtor's reputation was adversely affected following publication"). And again, the Complaint does not explain how disclosing even false information to HRRG adversely affected Plaintiff's "reputation" as that term is defined by Florida law.

The Complaint does not attempt to hold Inphynet vicariously liable for anything that HRRG allegedly did. However, it should be noted that HRRG did not allegedly do anything that would adversely affect Plaintiff's reputation in the community either. According to the Complaint,

4

the only thing that HRRG allegedly did wrong was send a single collection letter *to Plaintiff*. (Compl. ¶¶ 34; 42).

To state a plausible claim for relief, Plaintiff must allege facts that, if true, would permit the Court to draw a reasonable inference that Inphynet's disclosure of information to HRRG, by itself, adversely affected the community's estimate of Plaintiff's character. Kinsey, 509 Fed.Appx. at 853; Heard, 344 So.2d at 655. The Complaint simply does not allege enough facts to draw such an inference, and Count III must therefore be dismissed. See also Foxx v. Ocwen Loan Servicing, LLC, 2012 WL 2048252 (M.D. Fla. June 6, 2012) (dismissing section 559.72(5) claim in part because the "claims merely track the language of section 559.72(5), and such conclusory allegations will not prevent dismissal").

Inphynet also asserts that Plaintiff is trying to force a round peg into a square hole. Section 559.72(5) is intended to prevent a collector from disclosing inaccurate information to people such as employers and neighbors in an effort to guilt or shame a consumer into paying a debt. See Alecca, 2014 WL 2987702, at *7 (debt collector violated section 559.72(5) "[b]y disclosing [plaintiff's] debt to his roommate and landlord"); Laughlin v. Household Bank, Ltd., 969 So.2d 509, 513 (Fla. 1st DCA 2007) (communications with debtor's employer created inference of harm to reputation). There is no indication that the statute was enacted to prevent a medical provider from communicating with its business partner regarding a matter that is relevant to their legitimate and private business relationship.

WHEREFORE, Inphynet respectfully requests that this Court enter an order granting this motion, dismissing Count III of the Complaint, awarding Inphynet its reasonable attorney's fees and costs, and granting Inphynet such other and further relief as the Court deems just and proper.

## COMPLIANCE WITH COURT ORDER

In accordance with this Court's Order (DE 4), the undersigned is authorized to represent to the Court that HRRG joins in this motion and does not oppose the relief requested by this motion.

Inphynet has not sought permission to file a separate motion because there is no conflict between Inphynet and HRRG with respect to the relief requested by this motion. Count III is directed solely towards Inphynet and is not based on alleged conduct of HRRG.

*/s / John P. Gaset*
John P. Gaset, Esq.
Florida Bar No. 98415
**NELSON MULLINS BROAD AND CASSEL**
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: 813-225-3020
Facsimile: 813-225-3039
john.gaset@nelsonmullins.com
jessica.lovins@nelsonmullins.com
catherine.rivadeneyra@nelsonmullins.com

*Counsel for Defendant,*
*Inphynet South Broward, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF electronic filing system on December 12, 2019 on all counsel or parties of record listed below:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th St., Suite 1700
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

Joel A. Brown, Esq.
The Fair Credit Law Group, LLC
2541 SW 27 Ave., Suite 300
Miami, FL 33133
joelb@fclawgroup.com

Paul A. Herman, Esq.
Consumer Advocates Law Group, PLLC
4801 Linton Blvd, Ste 11A-560
Delray Beach, FL 33445
paherman1956@gmail.com

Ernest H. Kohlmyer III
2300 Maitland Center Pkwy., Ste 100
Maitland, FL 32751
skohlmyer@shepardfirm.com
clegros@shepardfirm.com
service@shepardfirm.com
tkittilson@shepardfirm.com

*/s / John P. Gaset*
John P. Gaset, Esq.
Florida Bar No. 98415